UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| PHOENIX LIFE INSURANCE COMPANY and GENERAL & COLOGNE LIFE RE OF AMERICA, | CIVIL ACTION NO. 3:03CV0907 (WWE) |
| Plaintiffs, | |
| v. | |
| AON RE, INC. | November 17, 2003 |
| Defendant. | |

---

**DEFENDANT AON RE, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS**

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

    I.       PHOENIX AND COLOGNE'S ARGUMENTS AGAINST THE STAY ARE BOTH FACTUALLY AND LEGALLY INCORRECT. ...............................2

           A.       This Case And The Arbitration Turn On The Same Questions Of Fact............................................................................................................2

           B.       Resolution Of The Factual Issues In Unicover's Favor Will Preclude Relitigation Of The Same Factual Issues Here. ............................4

    II.      PHOENIX AND COLOGNE WILL NOT BE PREJUDICED BY A STAY PENDING ARBITRATION. ................................................................6

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
   242 F.3d 777 (8th Cir. 2001) .................................................................................2

*Am. Home Assurance Co. v. Vecco Concrete Constr. Co., Inc. of Va.*,
   629 F.2d 961 (4th Cir. 1980) .................................................................................5

*Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*,
   885 F. Supp. 499 (S.D.N.Y. 1995) ....................................................................2, 7

*In re Commercial Solvents Corp.*, 20 F.R.D. 359 (S.D.N.Y. 1957) ...................................7

*Comsat Corp. v. Nat'l Sci. Found.*, 190 F.3d 269 (4th Cir. 1999)..................................7, 8

*Cosmotek Mumessillik Ve Ticaret Ltd. Sirkketi v. Cosmotek USA, Inc.*,
   942 F. Supp. 757 (D. Conn. 1996).........................................................................2

*Goldstein v. Doft*, 236 F. Supp. 730 (S.D.N.Y. 1964) .......................................................4

*Khandhar v. Elfenbein*, 943 F.2d 244 (2d Cir. 1991) .......................................................4

*Lawson Fabrics, Inc. v. Akzona, Inc.*, 355 F. Supp. 1146 (S.D.N.Y. 1973) .......................5

*Meadows Indem. Co. Ltd. v. Baccala & Shoop Ins. Servs., Inc.*,
   760 F. Supp. 1036 (E.D.N.Y. 1991) ......................................................................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985)...............................................................................................4

# **INTRODUCTION**

Phoenix and Cologne offer no valid reason why this Court should reverse its October 8 preliminary ruling to grant Aon Re's motion to stay. Phoenix and Cologne cannot escape the fact that *no* claims asserted against Aon Re can be pursued without resolution of the factual issues that will be addressed in the Unicover arbitration. For this reason, on November 7, 2003, the superior court of New Jersey granted Aon Re's motion for a stay in one piece of the puzzle of litigations brought by another one of the Unicover Pool members:[1]

> The operative facts out of which such claims arise involve and are tied to the wrongdoing alleged against Unicover. . . . If in the arbitration Unicover is exonerated there probably would be no viable claims against the defendants named herein. . . . So the underlying factual basis of those claims will be dealt with in the arbitration.[2]

Like the litigation in New Jersey, this case shares the same set of core factual issues that are the subject of the arbitration between Unicover and the Pool members.

During the October 8 conference call with counsel, this Court indicated that it made no sense to simultaneously address issues here, as well as in the other court actions, that will ultimately be addressed in the Unicover arbitration. The New Jersey court, sharing in that sentiment, found that "the duplicative factual issues raised in the arbitration proceeding and this litigation will result in all of the parties and the Court utilizing resources for what may be for naught. . . . To duplicate these factual and legal determinations would be a waste of judicial resources and lend to the possibility of inconsistent results."[3] Without a doubt, therefore, this Court's preliminary ruling was correct, and a stay of this proceeding should now be issued.

---

[1]  Ex. 1 attached hereto.

[2]  Ex. 2 at 29 attached hereto.

[3]  *Id.* at 32.

I. **PHOENIX AND COLOGNE'S ARGUMENTS AGAINST THE STAY ARE BOTH FACTUALLY AND LEGALLY INCORRECT.**

To grant a discretionary stay in favor of arbitration, the court must determine "'(1) whether there are common *issues* in the arbitration and the court proceeding, and (2) if so, whether those *issues* will be finally determined by the arbitration.'"[4] Phoenix and Cologne assert these conditions are not met because their claims against Aon Re concern its role as broker and do not fall within the scope of the Management Agreement, which is the focus of the Unicover arbitration. They also allege that resolution of the claims asserted in the arbitration will not dispose of the claims asserted here. These contentions are both factually and legally incorrect.

A. **This Case And The Arbitration Turn On The Same Questions Of Fact.**

The fundamental issue that this Court must first determine is whether this suit and the arbitration share "common questions of fact," not whether they share common claims.[5] Indisputably, there is substantial, if not complete, overlap between the facts at issue here and what will be addressed in the arbitration. As the New Jersey superior court observed, "[t]he factual and legal issues in the pending arbitration and in this case are inextricably intertwined because they are grounded on the participation and culpability of Unicover."[6]

Phoenix and Cologne assert three claims against Aon Re — a good faith and fair dealing claim stemming from conduct alleged in two breach of contract claims. The breaches allegedly arise from Aon Re withholding information concerning carve–out risk bound by and retroceded

---

[4] *Cosmotek Mumessillik Ve Ticaret Ltd. Sirkketi v. Cosmotek USA, Inc.*, 942 F. Supp. 757, 760 (D. Conn. 1996) (emphasis added) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)).

[5] *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 242 F.3d 777, 782 (8th Cir. 2001) (citation omitted).

[6] Ex. 2 at 32 attached hereto.

from the Pool by Aon Re's "joint venture" partner Unicover.[7] They also allegedly arise from Aon Re concealing information about the Lincoln and Reliance Facilities and withholding adverse information about the Three-Year Whole Account.[8] Because of the failure to keep them informed, Phoenix and Cologne contend that Aon Re was negligent and failed to perform duties assumed under the Management Agreement.[9] These issues involve contractual rights and obligations covered by the Management Agreement:[10]

- Section 3 covers the amount of coverage Unicover was committing the Pool to reinsure;
- Section 8 covers Unicover's obligation to secure retrocessional coverage; and
- Sections 8 and 9 cover Unicover's obligation to inform the Pool about the retrocessionaires' concerns and the volume of risk accepted by the Pool.

Try as they might to establish rights against Aon Re independent of the issues to be determined in the arbitration, Phoenix and Cologne cannot avoid the fact that they were the ones who alleged that it was Unicover who contracted with the Pool to, among other things, procure reinsurance coverage and to keep the Pool informed about that coverage. And it was Unicover — pursuant to its obligations under the Management Agreement — that contracted with Aon Re to serve as broker.[11] Moreover, it was Phoenix and Cologne who have tied Unicover's alleged breaches of the Management Agreement by claiming that Aon Re was Unicover's joint venture partner and assisted in the management of the Pool.[12]

---

[7] Phoenix Compl. ¶ 52.

[8] *Id.* ¶¶ 61, 70–71.

[9] *Id.* ¶ 72.

[10] Ex. 3 attached hereto.

[11] Phoenix Compl. ¶¶ 9, 25, 29.

[12] *Id.* ¶¶ 23, 65.

3

When faced with a similar argument by ReliaStar that the claims asserted against Aon Re are separate and distinct from those against Unicover, the superior court of New Jersey found:

> This Court does not read the complaint as asserting any claims against Aon, its employee Smith . . . that are separate from and independent of the wrongs alleged to have been committed by Unicover. The operative facts out of which such claims arise involve and are tied to the wrongdoing alleged against Unicover. . . . If in the arbitration Unicover is exonerated there probably would be no viable claims against the defendants named herein. . . . So the underlying factual basis of those claims will be dealt with in the arbitration.[13]

This Court's preliminary ruling on the stay, therefore, is indisputably correct.

    **B.    Resolution Of The Factual Issues In Unicover's Favor Will Preclude Relitigation Of The Same Factual Issues Here.**

Phoenix and Cologne devote the better part of their opposition to arguing that because Aon Re is not a party to the arbitration and will not be bound by its results, a stay should not issue. But Phoenix and Cologne cannot deny that the common factual issues between this case and the arbitration will be decided by the arbitrators, and a ruling adverse to them will bar relitigation of those same issues here because of principles of res judicata and issue preclusion.[14] Phoenix and Cologne cannot escape this result simply by repackaging their claims and alleging different theories of recovery based upon the same set of contested facts.[15]

Even if every factual issue underlying Phoenix and Cologne's claims here is not finally determined in the arbitration, the significant factual overlap between the two proceedings weighs

---

[13] Ex. 2 at 29.

[14] *See Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (noting that doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration); *Goldstein v. Doft*, 236 F. Supp. 730, 734 (S.D.N.Y. 1964) (same but res judicata), *aff'd*, 353 F.2d 484 (2d Cir. 1965).

[15] *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985) (stating that when the allegations underlying the claims "touch matters" covered by the agreement, then those claims must be arbitrated, regardless of the legal labels).

in favor of a stay.[16] Assuming that Phoenix and Cologne correctly assert that the obligations here fall outside the scope of the Unicover arbitration, Phoenix and Cologne conveniently avoid addressing the question of how those claims could be established without resolving many of the factual issues that are the subject of the arbitration. Therefore, it is eminently sensible to proceed with the arbitration first, the results of which might render the present action moot, or at least narrow the factual issues that will need to be addressed.[17]

In fact, when Phoenix and Cologne attempted to freeze Unicover's assets in yet another suit filed in New Jersey federal court, the exchange between counsel and the court confirms the action against Aon Re is derivative of the Unicover arbitration:

> The Court:   You're suing those principles in a couple of other courts.
>
> Mr. Nonna:  Yes, your Honor, but the issue —
>
> The Court:   Why didn't you try to freeze that money in that case? Doesn't that make logical sense?
>
> Mr. Nonna:  Your Honor, the *first step here it so prove in the arbitration* that [Unicover], in our view, that [*Unicover*] *has breached its duties.* Then there's the ability to go after the other parties.[18]

---

[16] *See Am. Home Assurance Co. v. Vecco Concrete Constr. Co., Inc. of Va.*, 629 F.2d 961, 964 (4th Cir. 1980) (noting that when significant overlap exists between parties and issues, courts should stay the entire action pending arbitration); *Lawson Fabrics, Inc. v. Akzona, Inc.*, 355 F. Supp. 1146, 1151 (S.D.N.Y. 1973), *aff'd*, 486 F.2d 1394 (2d Cir. 1973) (same).

[17] *Meadows Indem. Co. Ltd. v. Baccala & Shoop Ins. Servs., Inc.*, 760 F. Supp. 1036, 1045 (E.D.N.Y. 1991) (staying action against nonparties because the arbitration "might at least partially determine issues . . . and may provide the court with insight into the issues of fact and law involved in the claims against" the nonparties).

[18] Ex. 4 at 43 (emphasis added).

As Phoenix and Cologne admitted in New Jersey, they can only proceed against the Unicover shareholders and agents *after* the pending arbitration is concluded and only if it is resolved in Phoenix and Cologne's favor. This, of course, is why the New Jersey superior court held:

> An analysis of these claims [against Aon Re and Smith] reveals that they are derivative to the claims against Unicover. In other words, if Unicover is found not to have breached any of its obligations there would be no claim against principals or the brokers. At oral argument ReliaStar reluctantly conceded that if . . . Unicover was found not to have engaged in any wrongdoing ReliaStar would have no claim against the Unicover principals.[19]

The same conclusion should apply here.

## II. PHOENIX AND COLOGNE WILL NOT BE PREJUDICED BY A STAY PENDING ARBITRATION.

Phoenix and Cologne's attempt to articulate how they will be prejudiced if this action is stayed during the pendency of the Unicover arbitration by raising two objections. First, that it would be highly prejudicial to require Phoenix and Cologne to resolve their claims against Unicover, an insolvent, judgment proof corporation.[20] Second, principles of equitable estoppel bar Aon Re from seeking a stay because of alleged discovery problems in the Sun Life Arbitration.[21] Both of these contentions are without merit.

Unicover's solvency or insolvency is, of course, irrelevant to any issue raised in either the Unicover arbitration or this action.[22] Phoenix and Cologne do not deny that they and the other

---

[19] Ex. 2 at 28–29.

[20] Phoenix Mem. in Opp'n at 18.

[21] *Id.* at 17.

[22] *See* Ex. 4 at 41 attached hereto (making similar arguments in New Jersey federal district court in order to freeze Unicover's remaining assets, with the judge noting that the company is on the brink of bankruptcy, in part, because of legal fees incurred by defending a multiple number of suits brought by Phoenix and Cologne, as well as others).

6

Pool members agreed to arbitrate all disputes they may have with Unicover. They may not like that choice now, but they "bargained for the arbitration clause in their contract, and they must now abide by the consequences of that bargain,"[23] even if that may mean that Unicover is judgment proof. In addition, Unicover's alleged insolvency does not obviate the need to establish its liability, especially when, as the New Jersey superior court judge found, any alleged liability Aon Re may have to the Pool is derivative of Unicover's obligations under the Management Agreement. If the arbitrators conclude that Unicover did not breach the Management Agreement — that it properly accepted carve–out risk for the Pool, properly secured retrocessional protection, and kept the Pool and the retrocessionaires informed as to the material facts — there can be no finding that Aon Re, as Unicover's agent and joint venturer, breached its obligations to the Pool. Thus, Unicover's solvency is irrelevant to the stay issue.

Phoenix and Cologne also attempt to circumvent the stay by arguing that Aon Re refused to participate in the Sun Life Arbitration. By voluntarily becoming parties to an agreement with an arbitration clause, however, Phoenix and Cologne "chose to avail itself of procedures peculiar to the arbitral process rather than those used in judicial determinations."[24] "A hallmark of arbitration — and a necessary precursor to its efficient operation — is a limited discovery process."[25] Consequently, having elected to enter arbitration, neither Phoenix nor Cologne could "reasonably expect full–blown discovery from the other or third parties."[26]

---

[23] *Am. Shipping Line,* 885 F. Supp. at 503.

[24] *In re Commercial Solvents Corp.,* 20 F.R.D. 359, 361 (S.D.N.Y. 1957).

[25] *Comsat Corp. v. Nat'l Sci. Found.,* 190 F.3d 269, 276 (4th Cir. 1999).

[26] *Id.*

Phoenix and Cologne seemed to understand these discovery limitations when the issue arose during the Sun Life Arbitration. Although initially interested in Roger Smith's deposition, Phoenix and Cologne changed their position after Aon Re raised an issue with the panel's legal authority to order a nonparty to be deposed.[27] By December 2001, Phoenix and Cologne decided that Mr. Smith's deposition was not necessary,[28] in part because he was not a "critical witness"[29] and his testimony would be "cumulative."[30] When the Pool members wanted to subpoena Mr. Smith for the arbitration, Phoenix and Cologne opposed moving the hearing from New York to Chicago on a temporary basis to obtain his testimony and indicated they would not seek to enforce the subpoena if it became necessary.[31] Notably, the panel and the other parties also had reservations about the ability to enforce a hearing subpoena under such an "unorthodox procedure."[32] And although the Pool members and Unicover believed Mr. Smith had been validly served with a hearing subpoena,[33] no enforcement proceeding was ever initiated.[34]

---

[27] See Ex. 5 attached hereto; Ex. 6 at 112–14, 121, 126–28, 133–35 (recognizing that Aon Re had the legal right to oppose Smith's discovery deposition). See also id. at 165 (indicating that Aon Re's policy is that it does not gratuitously make its employees available for depositions that are not compulsory.

[28] Ex. 6 at 97, 119, 248 attached hereto.

[29] Id. at 251.

[30] Id. at 136.

[31] Id. at 172, 185–87, 236–37, 242–49.

[32] See id. at 172, 175–77, 185–87, 244.

[33] Ex. 7 attached hereto.

[34] See Comsat Corp., 190 F.3d at 276 ("The FAA imposes no requirement that a subpoenaed party file a petition to quash or otherwise challenge the subpoena; the Act's only mechanism for obtaining federal court review is the petition to compel.").

In addition, Phoenix and Cologne had Aon Re's documents over ten months before the Sun Life Arbitration hearing commenced. In fact, Phoenix and Cologne's counsel represented to the Illinois circuit court that Aon Re produced approximately 52,000 pages of documents in six months and that everything requested had been produced,[35] including all documents and records relating to the reinsurance agreements at issue in the arbitration, any "inward" and "outward" agreements concerning the Pool, as well as all documents within the possession of numerous Aon Re employees.[36] The Court did not find Aon Re in contempt, and no request for sanctions was even made.[37] To be sure, the court was displeased with Aon Re's tardiness in producing the documents and allowed an award of attorneys' fees to stand, but these, as Phoenix's counsel admitted, were "not a sanction . . . [but] a remedy for what had to be done to bring the matter before the court . . . ."[38] Furthermore, Phoenix and Cologne's possession of this material for over two years belies any claim that the current arbitration will involve protracted discovery or that documents cannot be had from Aon Re absent the present litigation.

Because Phoenix and Cologne have failed to establish any reason why this case should go forward during the pendency of the related Unicover arbitration, this Court should confirm its October 8 preliminary ruling and grant Aon Re's motion to stay.

---

[35] *See* Phoenix Mem. in Opp'n, Ex. C at 5, 10 attached thereto.

[36] *See id.* at Ex. B. *See also* Ex. 6 at 179 attached hereto (stating that Aon Re voluntarily produced documents before the litigation in Illinois was commenced).

[37] *See* Phoenix Mem. in Opp'n, Ex. C at 55 attached thereto.

[38] *Id.* at 40.

## CONCLUSION

Defendant Aon Re, Inc. therefore respectfully requests that the Court grant its motion to stay the proceedings in its entirety.

Dated: November 17, 2003.    By: *Timothy A. Diemand /s/ A.S.*
Timothy A. Diemand (CT 18075)
WIGGIN & DANA LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06508
Telephone: (203) 498-4400
Facsimile: (203) 782-2889

Shand S. Stephens (*pro hac vice* pending)
AON LAW DIVISION
199 Fremont Street
San Francisco, California 94105
Telephone: (415) 486-6980
Facsimile: (415) 486-7018

Dan K. Webb (CT 25036)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Alan L. Kildow (CT 24177)
Sonya R. Braunschweig (CT 25037)
OPPENHEIMER WOLFF & DONNELLY LLP
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

*Attorneys for Defendant Aon Re, Inc.*

**CERTIFICATION**

This is to certify that a copy of the foregoing Defendant Aon Re, Inc.'s Reply Memorandum in Support of Its Motion to Stay Proceedings was mailed, postage prepaid, this 17th day of November 2003 to:

Janet M. Helmke, Esq.
Robert D. Laurie, Esq.
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103-3702

Aaron Singer

# EXHIBIT 1