**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PHOENIX LIFE INSURANCE COMPANY and GENERAL & COLOGNE LIFE RE OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>AON RE, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>3:03-CV-907 (WWE)<br><br><br><br><br><br><br><br>NOVEMBER 26, 2003 |

**PLAINTIFFS' SUR-REPLY MEMORANDUM IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING ARBITRATION**

Plaintiffs Phoenix Life Insurance Company ("Phoenix") and General & Cologne Life Re of America ("Cologne") (collectively, "Plaintiffs"), by their attorneys, Edwards & Angell, LLP, hereby submit this supplemental brief in further opposition to the motion for a stay pending arbitration ("Motion") of defendant Aon Re, Inc. ("Aon").

Aon's reply brief introduces the new argument that Plaintiffs' action should be stayed pending arbitration because the New Jersey Superior Court issued a tentative ruling staying a similar action. Aon's reliance on the state court's ruling is flawed. The state court explicitly stated that it would reconsider the ruling if the federal courts ruled against issuing a stay in their respective cases.

Moreover, as outlined in Aon's reply brief, the state court's ruling is premised on the fact that the complaint in that case did not assert claims against Aon that were factually distinct from claims asserted in the arbitration against Unicover (the "Arbitration"). Here, the Complaint

clearly articulates two distinct bases upon which Plaintiffs seek relief against Aon: (1) Aon's role as joint venture partner with Unicover; and (2) Aon's role as retrocessional broker for the Pool. Plaintiffs' claims arising from Aon's joint venture with Unicover, though factually analogous, are not subject to resolution in the arbitration against Unicover because they are outside the scope of the Management Agreement. Further, Plaintiffs' claims concerning Aon's role as retrocessional broker are factually and legally independent from claims asserted against Unicover. For these reasons as well as the reasons outlined in Plaintiffs' opposition, this Court should deny Aon's motion to stay pending arbitration.

## ARGUMENT

### I. The New Jersey State Court, Far from Establishing Precedent, Expressly Looks to the Federal Court for Guidance

Aon argues that this Court should grant its motion to stay because the New Jersey Superior Court granted its motion to stay in a similar action. Thus, Aon's reply brief is almost entirely based upon the November 7, 2003 ruling in <u>ReliaStar Life Insurance Company v. John E. Pallat, et al.</u>, Superior Court of New Jersey, Middlesex County, C.A. No. L-3916-03 (the "ReliaStar Action"). Not only is the ruling in the ReliaStar Action not "controlling precedent," but the court expressly stated that it would reconsider its ruling if the federal courts denied the motions to stay in the related federal cases. The state court stated:

> For all of these reasons this court grants defendants' application for a stay with <u>two caveats. First, if the other courts in which stay applications are pending do not grant the stay, the continuation of this case becomes less of a burden for all involved.</u> Furthermore, if the action proceeds it would be highly unfair and prejudicial to ReliaStar to have the actions - - by all of the other pool members proceed while its action is stayed.
>
> <u>Accordingly, this Court will reconsider its decision to stay these proceedings upon an appropriate application if one or more of the other pending cases filed by the pool members are not stayed.</u>

Hearing Trans. at p. 32 (emphasis added), attached as Ex. 2 to Aon's Reply. Clearly, this language reflects that the state court, far from purporting to serve as precedent for the federal courts, would be guided by the federal courts' denial of the stay. Accordingly, Aon, in proffering the ruling in the ReliaStar Action as precedent, is putting the cart before the horse, because the state court indicated that it would reconsider its decision if the federal courts so ruled.[1]

**II.     Plaintiffs' Claims against Aon Are Distinct from Claims Asserted in the Arbitration**

In the ReliaStar Action, the court granted the defendants' motion because it found that ReliaStar failed to articulate how its claims were independent from those asserted in the Arbitration. The court reasoned:

> An analysis of these claims reveals that they are derivative to the claims against Unicover. In other words, if Unicover is found not to have breached any of its obligations there would be no claim against principals or the brokers.
>
> ReliaStar, however, argued that there still would be a claim against the brokers, Aon, its employee and Radnor [sic]. Plaintiff was not able to articulate to the satisfaction of this Court, however, what those - - what those causes of action would be.

Hearing Trans. at p. 28, ln. 21-25; p. 29, ln. 4-8. As described in greater detail below, Plaintiffs' complaint clearly articulates claims that are distinct from those asserted against Unicover. These claims will be unaffected by a determination of wrongdoing or innocence against Unicover in the Arbitration.

Aon contends that the Court should stay this entire action because "there is substantial, if not complete, overlap between the facts at issue here and what will be addressed in the arbitration." Aon Reply at 2. Aon relies solely on the ruling in the ReliaStar Action, which determined "[t]he factual and legal issues in the pending arbitration and in this case are inextricably intertwined because they are grounded on the participation and culpability of

---

[1] The court also included the additional caveat that the court will monitor the arbitration and reactivate the litigation if the arbitration becomes too lengthy. Hearing Trans. at 31, ln. 15-17.

Unicover." Hearing Trans. at 32, ln. 1-4. Aon then mischaracterizes the nature of the claims asserted in Plaintiffs' Complaint. Aon misleadingly summarizes Plaintiffs' claims as follows: "Because of [Aon's] failure to keep them informed, Phoenix and Cologne contend that Aon Re was negligent and failed to perform duties assumed under the Management Agreement." Aon Reply at 3. In effect, Aon lumps all of Plaintiffs' claims into one cause of action that it contends arises out of and is dependent upon Unicover's wrongdoing. Aon is wrong.

The Complaint clearly asserts causes of action arising out of Aon's two distinct roles. First, the Complaint articulates that Aon and Unicover entered into a joint venture agreement. Compl. at ¶¶ 25-28; 64-74. As described in their opposition, Plaintiffs' claims concerning the joint venture are wholly outside the scope of the Management Agreement and are not subject to determination in the Arbitration.

The second theory of relief is based on Aon's contractual duties arising from its role as retrocessional broker for the Pool. Id. at ¶¶ 29-31; 58-63. Contrary to Aon's argument, Plaintiffs' claims concerning Aon's role as retrocessional broker do not "involve contractual rights and obligations covered under the Management Agreement." Aon Reply at 3. The Complaint specifically outlines Aon's rights and obligations as retrocessional broker:

> 30. As retrocessional broker, Aon, along with [Rattner Mackenzie Limited] took responsibility for obtaining retrocessional protection for the Pool members in exchange for a brokerage fee – a percentage of the premium retroceded from the Pool. This brokerage fee was distinct from, and in addition to, the percentage of Unicover's management fee that Aon received as a result of the joint venture with Unicover. Compl. ¶ 30.
>
> 31. As the Pool members' retrocessional broker, Aon had a continuing duty to provide retrocessionaires with all material information concerning the business being ceded by the Pool members. Aon was also obligated to act as a conduit to the Pool members and to disclose to them all material information concerning the retrocessional protections. Compl. ¶ 31.

Aon has not, and cannot, identify any section of the Complaint that represents that Aon's duties as retrocessional broker arose out of, or were in any way related to, the Management Agreement. Aon's references to the Management Agreement are unavailing as those provisions concern Unicover's obligations, *not* Aon's.

Plaintiffs' claims concerning Aon's role as retrocessional broker are factually and legally distinct from the claims asserted against Unicover in the Arbitration. As a result, a determination in the Arbitration that Unicover did not breach its obligations under the Management Agreement would have no preclusive effect on whether Aon violated its obligations as retrocessional broker. Moreover, proceeding with Plaintiffs' claims against Aon as retrocessional broker will not resolve the majority of the factual allegations in the Arbitration.

For example, Plaintiffs' First Claim For Relief expressly articulates that, as retrocessional broker, Aon owed duties that were independent of its joint venture with Unicover and that it violated these duties by engaging in conduct unrelated to Unicover or the joint venture. The Complaint specifically alleges that, as the Pool members' retrocessional broker, Aon was "obligated to act as a conduit to the Pool members and to disclose to them all material information concerning the retrocessional protections." Compl. ¶ 31. Further, the Complaint alleges that the Pool's retrocessionaires communicated to Aon their concerns about the nature and volume of business being ceded from the Pool. Id. at ¶ 53. Specifically, one of the Pool's retrocessionaires, Sun Life Assurance Company of Canada, told Aon that it was "considering legal action to terminate or limit its liability as retrocessionaire." Id. Finally, the Complaint alleges that Aon violated its obligations to the Pool members by failing to disclose the threats and concerns of the Pool's retrocessionaires, which ultimately led to the failure of the Pool's retrocessional protection. Id. at ¶¶ 61, 62.

Whether Aon communicated the threats and concerns of the Pool's retrocessionaires has no bearing on the claims asserted against Unicover in the Arbitration and will not be determined by the panel in the Arbitration. Indeed, Unicover's practice of underwriting excessive amounts of underpriced reinsurance - - the focus of the claims asserted in the Arbitration - - has little if any bearing on whether Aon properly executed its duty to disclose to the Pool members.

## CONCLUSION

For the reasons stated above as well as the reasons set forth in Plaintiffs' opposition, this Court should deny Aon's motion to stay pending arbitration.

THE PLAINTIFFS
PHOENIX LIFE INSURANCE COMPANY
and GENERAL & COLOGNE LIFE RE
OF AMERICA

By: *Janet M. Helmke*
Janet M. Helmke (Fed. Bar No. ct-09851)
Robert D. Laurie (Fed. Bar No. ct-24978)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103-3702
Telephone: (860) 525-5065
Facsimile: (860) 527-4198

## CERTIFICATION OF SERVICE

This is to certify that on the 26th day of November, 2003, a copy of the foregoing Sur-reply in Further Opposition to Aon's Motion to Stay Pending Arbitration and accompanying documents has been sent via federal express to:

Timothy A. Diemand, Esq.
Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400

_____
Janet M. Helmke