UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 27  A 11: 48

US DISTRICT COURT
BRIDGEPORT CT

PHOENIX LIFE INSURANCE COMPANY
and GENERAL & COLOGNE LIFE RE
OF AMERICA,

:
:
:
:          CIVIL ACTION NO.
:          3:03 CV 0907 (WWE)

Plaintiffs,

v.

AON RE, INC.

Defendant.

JANUARY 27, 2004

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 12, 2004 ORDER AND TO VACATE STAY

Pursuant to Local Rule 7(c), the plaintiffs, Phoenix Life Insurance Company and General Re Life Corporation, f/k/a General & Cologne Life Re of America, (collectively, the "Plaintiffs"), by their attorneys, Edwards & Angell, LLP, hereby request that this Court reconsider and reverse its January 12, 2004 Order (the "Order") staying this litigation pending arbitration. In support of their motion, Plaintiffs state that the Order is in direct conflict with the order and decision entered by Chief Judge Robert N. Chatigny on January 22, 2004, in the related case entitled The Lincoln National Life Insurance Company v. Aon Re, Inc., Civil Action No. 3:03 CV 905 (RNC) (the "Lincoln Action"), transferring that case to the District of New Jersey and denying defendant Aon Re, Inc.'s ("Aon") motion to stay pending arbitration.

### RELEVANT FACTUAL BACKGROUND

As acknowledged by Aon in its Opposition to Plaintiffs' Motion to Transfer and Cross-Motion to Transfer to the Northern District of Illinois, the instant action and the Lincoln Action "involve identical facts and are based on the very same contractual undertaking." In addition, on

**ORAL ARGUMENT REQUESTED**

June 22, 2003, Plaintiffs and The Lincoln National Life Insurance Company ("Lincoln") simultaneously filed actions against Aon and other defendants in the United States District Court for the District of New Jersey. As with the Connecticut cases, Plaintiffs' New Jersey action and Lincoln's New Jersey action seek redress from Aon arising from the same wrongful conduct and involve virtually identical facts. By Order dated October 27, 2003, Plaintiffs' New Jersey action and Lincoln's New Jersey action were consolidated. See Ex. A.

On August 4, 2003, prior to Aon's initial response to the complaint in this action, Plaintiffs moved this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the District of New Jersey where it would be consolidated with the related actions pending in that District. On August 18, 2003, Lincoln followed suit, filing a motion to transfer its Connecticut action to the District of New Jersey. See Ex. B. Plaintiffs and Lincoln argued that New Jersey was the proper venue because, among other reasons, it was the only District in which all of the actions against Aon could be consolidated. Id. at pp. 7-8. Aon agreed that the actions should be consolidated but opposed Lincoln's and Plaintiffs' transfer motions. Aon filed cross-motions in each action, arguing that the Northern District of Illinois - - not Connecticut or New Jersey - - was the proper venue for a consolidated action. See Ex. C. Indeed, Aon effectively admitted that Connecticut was not the proper venue for this action. Id. at p. 2.

Nevertheless, Aon petitioned this Court to stay this action pending the outcome of a related arbitration. Aon filed a nearly identical motion seeking to stay the Lincoln Action. See Ex. D. Aon also filed identical motions to stay in the related actions pending in New Jersey courts. See Docket in Consolidated New Jersey District Court Action, C.A. No. 03-2394, attached as Ex. E. In opposition to Aon's motion to stay, Plaintiffs in this case argued, among other things, that in the interest of judicial economy, and to avoid the possibility of inconsistent

rulings, this Court should transfer this action to New Jersey and let that Court determine whether a stay is proper. Lincoln asserted a similar argument in its case. See Ex. F at p. 7.

On January 12, 2004, this Court denied Plaintiffs' motion to transfer, ruling instead that this action was stayed pending the outcome of arbitration. By contrast, on January 22, 2004, Chief Judge Chatigny granted Lincoln's motion to transfer and deferred to the New Jersey Court on Aon's motion to stay. See Ex. G. Chief Judge Chatigny reasoned that Connecticut was not the proper venue for the Lincoln Action. Id. at p. 4 ("the locus of operative facts favors transfer from Connecticut, but does not clearly favor Illinois over New Jersey"). Chief Judge Chatigny further ruled that the District of New Jersey, and not the Northern District of Illinois, was the proper venue because New Jersey was the only District in which all of the actions against Aon could be consolidated. Id. at p. 3 ("the possibility that all these actions may be consolidated in the District of New Jersey makes it a preferable forum"). Id.

## ARGUMENT

Plaintiffs respectfully request that this Court reconsider the Order and vacate the stay of this action in light of Chief Judge Chatigny's order in the Lincoln Action. Courts routinely reconsider rulings in order to avoid inconsistency with subsequently-issued rulings. See, e.g., Salerno v. City University of New York, 2002 WL 31856953 *1-2 (S.D.N.Y.) (granting motion for reconsideration based on subsequent ruling);[1] Cipriano v. Board of Education, 772 F. Supp. 1346, 1349 (W.D.N.Y. 1991) (granting motion for reconsideration and vacating previous award to the extent it is inconsistent with subsequent rulings); John H. v. Brunelle, 631 F. Supp 208, 209 (D.N.H. 1986) (reconsidering, and vacating, an order to the extent that it was inconsistent with a subsequent decision in a different case). Here, two Judges in the same District ruled differently on identical motions in virtually identical cases within a ten-day period. Plaintiffs are

---

[1] For the convenience of the Court, a copy of all unreported decisions are attached as Ex. H.

prejudiced by the inconsistent rulings as the Lincoln Action will proceed against Aon and this action is left as the *only* action that has not been transferred and consolidated before the New Jersey Court.

Failing to transfer this action to the District of New Jersey to be consolidated with the other action pending in that District drastically increases the likelihood for inconsistent rulings and bifurcated actions, a result that is contrary to the purpose of 28 U.S.C. § 1404(a). See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (the purpose of § 1404(a) is to "prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense"); Cambridge Filter Corp. v. International Filter Corp., 548 F. Supp. 1308, 1310 (D. Nev. 1982) (the purpose of consolidating cases is "to avoid duplicitous litigation, unnecessary expenses, judicial waste, and inconsistent results"). There is a significant likelihood that the New Jersey Court will allow the action to proceed while Plaintiffs are left to incur significant delay in obtaining redress against Aon as well as the added expense of litigating their claims in bifurcated actions.

Conversely, neither party will be prejudiced, and there will be no chance for inconsistent results or bifurcated actions if this Court follows the decision of Chief Judge Chatigny and transfers this action to the District of New Jersey so that a single court can determine whether a stay is appropriate. Chief Judge Chatigny's resolution of the transfer motion first, leaving the substantive motion to stay for the transferee court, is well supported by caselaw. See, e.g., Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963); Sargent v. Budget Rent-A-Car Corp., 1996 WL 413725 *2 (S.D.N.Y. 1996).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court reconsider its January 12, 2004 Order, vacate the stay and grant Plaintiffs' motion to transfer this action to the District of New Jersey.

THE PLAINTIFFS
PHOENIX LIFE INSURANCE
COMPANY and GENERAL RE LIFE
CORPORATION, f/k/a/ GENERAL
& COLOGNE LIFE RE OF AMERICA

_____
Robert D. Laurie (ct 24978)
Janet M. Helmke (ct 09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103-3702
Telephone: (860) 525-5065
Facsimile: (860) 527-4198

## CERTIFICATION OF SERVICE

    This is to certify that on the 27th day of January, 2004 a copy of the foregoing Plaintiffs' Motion for Reconsideration of the Court's January 12, 2004 Order and to Vacate Stay has been sent via facsimile and United States mail, first class, postage prepaid, to:

Timothy A. Diemand, Esq.
Wiggin & Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400

Alan L. Kildow, Esq.
Sonya R. Braumschweig, Esq.
Plaza VII, Suite 3300, 29th Floor
45 South Seventh Street
Minneapolis, MN 55402

                                                                                            Robert D. Laurie